Per Curiam.

Though the commissioners were appointed in 1809, it does not appear that they acted until 1813. Certain things were done by them, in which the parties acquiesced until the present petition was filed. Although much time has elapsed since the report was made, we think it might be accepted now. The statutes do not expressly require a return to be made, and it may be that a return is not necessary to the validity of the proceedings ; but that point need not be determined at present.[1] But the question being on the acceptance of the report, we have authority to consider it in the same manner as if this were the proper time for making the return. And as a slight alteration of the boundaries may be of importance to the parties, and as the report of 1767 was not before the commissioners in 1813, we think no additional sanction ought to be given by the Court to the proceedings of these commissioners.
The effect of this opinion may be, that the parties will enter *214 into a long controversy, and as so many persons are interested, we would recommend to them to take out a new commission and have their rights ascertained. It has been suggested that this cannot be done, as the two statutes of 1808 require that the Court shall “ appoint the same persons who have been appointed commissioners on the application of the proprietors of Charles river meadows, [under St. 1796, c. 84,] if any such commissioners shall at the time of such application be in office.” But we see no difficulty. If there is a commission subsisting on the application of those proprietors, the same commissioners must be appointed for the present parties ; if there is not, a new commission must be issued. The com missioners are restricted to defining the rights of parties as they existed at the time of passing these statutes ; the legislature, without doubt, having reference to the settlement of those rights by the commissioners in 1767 ; from which the recent commissioners deviated.

Petitioners take nothing fyc.

 See Revised Stat. c. 115, § 11.